UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **05 CR 10035 PBS** |
| ) | CRIMINAL NO. |
| v. ) | |
| ) | VIOLATION: |
| MARYSOL MORALES, ) | |
| ) | 18 U.S.C. §666 (corrupt receipt of payments by agent of |
| defendant. ) | federally funded local government entity) |
| ) | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

1.  At times pertinent to this Indictment, defendant MARYSOL MORALES was a resident of Brockton, Massachusetts and was employed by the Avon Housing Authority ("AHA") as manager of AHA's Section 8 rent subsidy voucher program.

2.  At all times pertinent to this Indictment, the Avon Housing Authority ("AHA") was a local government agency that received benefits in excess of $10,000 pursuant to the Section 8 rent subsidy voucher program of the United States Department of Housing and Urban Development.

3.  At all times pertinent to this Indictment the United States Department of Housing and Urban Development ("HUD"), administered a rent subsidy program pursuant to Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f ("Section 8").

4.  Under Section 8, people with low incomes obtain rental housing on the private market, subject to guidelines set by HUD. Based upon their income, participants in the program

pay a certain percentage of their income toward the rent, while the Section 8 money supplied by HUD pays the remainder of the rent directly to the landlord.

5. In administering the Section 8 program, local housing authorities such as AHA act as middlemen between HUD and the landlords who eventually receive the Section 8 monies. Money for the Section 8 program is wired from HUD in Washington, D.C., to the local housing authorities. The local housing authorities, in turn, issue checks to landlords, as rent payments for the beneficiaries of the program. The Section 8 subsidy program requires the local housing authorities, including AHA, to comply with HUD regulations in administering the Section 8 program.

6. At all times pertinent to this Indictment, there has been a shortage of Section 8 rental subsidy vouchers in Avon and elsewhere in Massachusetts; there have been more qualified applicants seeking Section 8 vouchers than there have been vouchers available. Accordingly, at the AHA and at other housing authorities in Massachusetts, income-eligible applicants seeking Section 8 vouchers have been placed on long wait lists for such vouchers.

7. As of August 2004, an individual who will be referred to in this indictment as J.M. had been on the AHA wait list for approximately 6 months.

8. As of August 2004, an individual who will be referred to in this indictment as B.O. had been on the AHA wait list for approximately 1 ½ years.

9. As of October 2004, an individual who will be referred to in this indictment as V.N. had been on the AHA wait list for approximately 2 years.

10. At no time pertinent to this Indictment has the AHA, or any of its agents or employees, been authorized to solicit or accept payments from applicants seeking Section 8 rental subsidies.

## COUNT ONE

### (Corrupt Receipt of Payments by Agent of Federally Funded Local Government Entity, in violation of 18 U.S.C. § 666)

11.  Paragraphs 1 through 10 are re-alleged and incorporated herein.

12.  In or about August 2004, defendant MARYSOL MORALES arranged to meet J.M. at AHA's offices.

13.  In or about August 2004, defendant MARYSOL MORALES informed J.M. that J.M. could receive a rental voucher more quickly if she paid a fee of $2,600.

14.  On or about September 17, 2004, defendant MARYSOL MORALES arranged for J.M. to come to the offices of the AHA where J.M. gave defendant MARYSOL MORALES $2,600 in cash, and defendant MARYSOL MORALES gave J.M. a document that purported to be a voucher issued by the AHA.

15.  On or about September 17, 2004, at Avon in the District of Massachusetts and elsewhere,

MARYSOL MORALES,

defendant herein, being an agent of the Avon Housing Authority, which was an agency of a state and local government that received, in the one year period from January 1, 2004 through December 31, 2004, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy and other form of Federal assistance, did corruptly solicit, demand, accept and agree to accept a thing of value from a person, the individual J.M., intending to be influenced or rewarded in connection with business, a transaction and a series of transactions of the Avon Housing Authority involving a thing of value of $5,000 or more, namely a voucher for Section 8 rent subsidies.

All in violation of 18 U.S.C. § 666(a)(1)(B).

## COUNT TWO

### (Corrupt Receipt of Payments by Agent of Federally Funded Local Government Entity, in violation of 18 U.S.C. § 666)

16. Paragraphs 1 through 10 are re-alleged and incorporated herein.

17. In or about September August 2004, defendant MARYSOL MORALES arranged to meet B.O. at AHA's offices.

18. In or about August 2004, defendant MARYSOL MORALES informed B.O. that B.O. would have to pay $6,000, to cover a security deposit, and first and last months rent and other charges, in order to receive her voucher.

19. On or about November 30, 2004, defendant MARYSOL MORALES arranged for B.O. to come to the offices of the AHA where B.O. gave defendant MARYSOL MORALES $6,000 in cash, and defendant MARYSOL MORALES gave B.O. a document that purported to be a voucher issued by the AHA.

20. On or about November 30, 2004, at Avon in the District of Massachusetts and elsewhere,

MARYSOL MORALES,

defendant herein, being an agent of the Avon Housing Authority, which was an agency of a state and local government that received, in the one year period from January 1, 2004 through December 31, 2004, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy and other form of Federal assistance, did corruptly solicit, demand, accept and agree to accept a thing of value from a person, the individual B.O., intending to be influenced or rewarded in connection with business, a transaction and a series of transactions of the Avon Housing Authority involving a thing of value of $5,000 or more, namely a voucher for Section 8 rent subsidies.

All in violation of 18 U.S.C. § 666(a)(1)(B).

## COUNT THREE

**(Corrupt Receipt of Payments by Agent of Federally Funded Local Government Entity, in violation of 18 U.S.C. § 666)**

21. Paragraphs 1 through 10 are re-alleged and incorporated herein.

22. In or about September or October 2004, defendant MARYSOL MORALES contacted V.N. and informed V.N. that a voucher was now available to her.

23. In or about October 2004, defendant MARYSOL MORALES informed V.N. that V.N. would have to pay $5,000, to cover a security deposit, and first and last months rent, in order to receive her voucher.

24. On or about November 30, 2004, defendant MARYSOL MORALES arranged for V.N. to come to the offices of the AHA where V.N. gave defendant MARYSOL MORALES $5,000 in cash, and defendant MARYSOL MORALES gave V.N. a document that purported to be a voucher issued by the AHA.

25. On or about November 30, 2004, at Avon in the District of Massachusetts and elsewhere,

MARYSOL MORALES,

defendant herein, being an agent of the Avon Housing Authority, which was an agency of a state and local government that received, in the one year period from January 1, 2004 through December 31, 2004, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy and other form of Federal assistance, did corruptly solicit, demand, accept and agree to accept a thing of value from a person, the individual V.N., intending to be influenced or rewarded in connection with business, a transaction and a series of transactions of the Avon Housing Authority involving a thing of value of $5,000 or more, namely a voucher for Section 8 rent subsidies.

All in violation of 18 U.S.C. § 666(a)(1)(B).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS    February 1?, 2005

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk

2/16/05 @ 1:04pm

%JS 45 (5/97) - (Revised USAO MA 1/15/04)

05 CR 10035 PBS

# Criminal Case Cover Sheet     U.S. District Court - District of Massachusetts

Place of Offense: __Avon__    Category No. __II__    Investigating Agency __HUD-IG__

City __Avon__    Related Case Information:

County __Norfolk__    Superseding Ind./ Inf. _____ Case No. _____
Same Defendant _____ New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __MARYSOL MORALES__    Juvenile   ☐ Yes   [x] No

Alias Name _____

Address __144 Ford Street, Brockton, MA 02301__

Birth date (Year only): __1964__ SSN (last 4 #): __5859__ Sex __F__ Race: __Hispanic__ Nationality: __USA__

**Defense Counsel if known:** _____    Address: _____

Bar Number: _____

**U.S. Attorney Information:**

AUSA __Paul G. Levenson__    Bar Number if applicable __553946__

Interpreter: ☐ Yes [x] No    List language and/or dialect: _____

**Matter to be SEALED:** [x] Yes ☐ No

[x] Warrant Requested    ☐ Regular Process    ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____ ☐ Serving Sentence ☐ Awaiting Trial
☐ On Pretrial Release: Ordered by _____ on _____

**Charging Document:** ☐ Complaint    ☐ Information    [x] Indictment

**Total # of Counts:** ☐ Petty _____ ☐ Misdemeanor _____ [x] Felony __3__

Continue on Page 2 for Entry of U.S.C. Citations

[x]    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: February 16, 2005    Signature of AUSA: _____

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    MARYSOL MORALES

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 U.S.C. §666 | Corrupt Receipt by Agent of Local Governemnt | 1-3 |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**