UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 05-10035-PBS |
| ) | |
| v. ) | VIOLATIONS: |
| ) | |
| MARYSOL MORALES, ) | 18 U.S.C. §666 (corrupt receipt of payments by agent of |
| ) | federally funded local government entity) |
| defendant. ) | 18 U.S.C. §1001 (use of false documents in a matter |
| ) | within jurisdiction of federal agency) |

**SUPERSEDING INDICTMENT**

THE GRAND JURY CHARGES THAT:

**GENERAL ALLEGATIONS**

1. At times pertinent to this Indictment, defendant MARYSOL MORALES was a resident of Brockton, Massachusetts and was employed by the Avon Housing Authority ("AHA") as manager of AHA's Section 8 rent subsidy voucher program.

2. At all times pertinent to this Indictment, the Avon Housing Authority ("AHA") was a local government agency that received benefits in excess of $10,000 pursuant to the Section 8 rent subsidy voucher program of the United States Department of Housing and Urban Development.

3. At all times pertinent to this Indictment the United States Department of Housing and Urban Development ("HUD"), administered a rent subsidy voucher program pursuant to Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f ("Section 8").

4. Under the Section 8 rent subsidy voucher program, people with low incomes obtain rental housing on the private market, subject to guidelines set by HUD. Based upon their income, participants in the program pay a certain percentage of their income toward the rent,

while the Section 8 voucher money supplied by HUD pays the remainder of the rent directly to the landlord.

5.       In administering the Section 8 rent subsidy voucher program, local housing authorities such as AHA act as middlemen between HUD and the landlords who eventually receive the Section 8 voucher monies. Money for the Section 8 rent subsidy voucher program is wired from HUD in Washington, D.C., to the local housing authorities. The local housing authorities, in turn, issue checks to landlords, as rent payments for the beneficiaries of the rent subsidy voucher program. The Section 8 rent subsidy voucher program requires local housing authorities, including AHA, to comply with HUD regulations in administering the program.

6.       At all times pertinent to this Indictment, there has been a shortage of Section 8 rent subsidy vouchers in Avon and elsewhere in Massachusetts (i.e. there have been more qualified applicants seeking Section 8 vouchers than there have been vouchers available). Accordingly, at the AHA and at other housing authorities in Massachusetts, income-eligible applicants seeking Section 8 vouchers have been placed on long wait lists for such vouchers.

7.       As of August 2004, an individual who will be referred to in this Indictment as J.M. had been on the AHA wait list for approximately 6 months.

8.       As of August 2004, an individual who will be referred to in this Indictment as B.O. had been on the AHA wait list for approximately 1 ½ years.

9.       As of October 2004, an individual who will be referred to in this Indictment as V.N. had been on the AHA wait list for approximately 2 years.

10.      As of September 2004, an individual who will be referred to in this Indictment as A.M. had been on the a multiple Public Housing Authority wait list for approximately 3 years.

-3-

11.     As of October 2004, an individual who will be referred to in this Indictment as E.P. had been on the AHA wait list for approximately 4 years.

12.     As of November 2004, an individual who will be referred to in this Indictment as A.G. was not on the AHA wait list.

13.     At no time pertinent to this Indictment has the AHA, or any of its agents or employees, been authorized to solicit or accept payments from applicants seeking Section 8 rent subsidy vouchers.

## COUNT ONE

### (Corrupt Receipt of Payments by Agent of Federally Funded Local Government Entity, in violation of 18 U.S.C. § 666)

14. Paragraphs 1 through 13 are re-alleged and incorporated herein.

15. In or about August 2004, defendant MARYSOL MORALES arranged to meet J.M. at AHA's offices.

16. In or about August 2004, defendant MARYSOL MORALES informed J.M. that J.M. could receive a Section 8 rent subsidy voucher more quickly if she paid a fee of $2,600.

17. On or about September 17, 2004, defendant MARYSOL MORALES arranged for J.M. to come to the offices of the AHA where J.M. gave defendant MARYSOL MORALES $2,600 in cash, and defendant MARYSOL MORALES gave J.M. a document that purported to be a Section 8 rent subsidy voucher issued by the AHA.

18. On or about September 17, 2004, at Avon in the District of Massachusetts and elsewhere,

MARYSOL MORALES,

defendant herein, being an agent of the Avon Housing Authority, which was an agency of a state and local government that received, in the one year period from January 1, 2004 through December 31, 2004, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy and other form of Federal assistance, did corruptly solicit, demand, accept and agree to accept a thing of value from a person, the individual J.M., intending to be influenced or rewarded in connection with business, a transaction and a series of transactions of the Avon Housing Authority involving a thing of value of $5,000 or more, namely a Section 8 rent subsidy voucher.

All in violation of 18 U.S.C. § 666(a)(1)(B).

## COUNT TWO

**(Corrupt Receipt of Payments by Agent of Federally Funded Local Government Entity, in violation of 18 U.S.C. § 666)**

19.     Paragraphs 1 through 13 are re-alleged and incorporated herein.

20.     In or about August 2004, defendant MARYSOL MORALES arranged to meet B.O. at AHA's offices.

21.     In or about August 2004, defendant MARYSOL MORALES informed B.O. that B.O. would have to pay $6,000, to cover a security deposit, and first and last months rent and other charges, in order to receive a Section 8 rent subsidy voucher.

22.     On or about November 30, 2004, defendant MARYSOL MORALES arranged for B.O. to come to the offices of the AHA where B.O. gave defendant MARYSOL MORALES $6,000 in cash, and defendant MARYSOL MORALES gave B.O. a document that purported to be a Section 8 rent subsidy voucher issued by the AHA.

23.     On or about November 30, 2004, at Avon in the District of Massachusetts and elsewhere,

MARYSOL MORALES,

defendant herein, being an agent of the Avon Housing Authority, which was an agency of a state and local government that received, in the one year period from January 1, 2004 through December 31, 2004, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy and other form of Federal assistance, did corruptly solicit, demand, accept and agree to accept a thing of value from a person, the individual B.O., intending to be influenced or rewarded in connection with business, a transaction and a series of transactions of the Avon Housing Authority involving a thing of value of $5,000 or more, namely a Section 8 rent subsidy voucher.

All in violation of 18 U.S.C. § 666(a)(1)(B).

## COUNT THREE

### (Corrupt Receipt of Payments by Agent of Federally Funded Local Government Entity, in violation of 18 U.S.C. § 666)

24. Paragraphs 1 through 13 are re-alleged and incorporated herein.

25. In or about September or October 2004, defendant MARYSOL MORALES contacted V.N. and informed V.N. that a Section 8 rent subsidy voucher was available for her.

26. In or about October 2004, defendant MARYSOL MORALES informed V.N. that V.N. would have to pay $5,000, to cover a security deposit, and first and last months rent, in order to receive her Section 8 rent subsidy voucher.

27. On or about November 30, 2004, defendant MARYSOL MORALES arranged for V.N. to come to the offices of the AHA where V.N. gave defendant MARYSOL MORALES $5,000 in cash, and defendant MARYSOL MORALES gave V.N. a document that purported to be a Section 8 rent subsidy voucher issued by the AHA.

28. On or about November 30, 2004, at Avon in the District of Massachusetts and elsewhere,

MARYSOL MORALES,

defendant herein, being an agent of the Avon Housing Authority, which was an agency of a state and local government that received, in the one year period from January 1, 2004 through December 31, 2004, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy and other form of Federal assistance, did corruptly solicit, demand, accept and agree to accept a thing of value from a person, the individual V.N., intending to be influenced or rewarded in connection with business, a transaction and a series of transactions of the Avon Housing Authority involving a thing of value of $5,000 or more, namely a Section 8 rent subsidy voucher.

All in violation of 18 U.S.C. § 666(a)(1)(B).

## COUNT FOUR

### (Corrupt Receipt of Payments by Agent of Federally Funded Local Government Entity, in violation of 18 U.S.C. § 666)

29. Paragraphs 1 through 13 are re-alleged and incorporated herein.

30. In or about September 2004, defendant MARYSOL MORALES contacted A.M. and informed A.M. that a Section 8 rent subsidy voucher could be made available to her.

31. In or about September 2004, defendant MARYSOL MORALES informed A.M. that A.M. would have to pay approximately $6,000 to obtain a Section 8 rent subsidy voucher.

32. On or about September 17, 2004, defendant MARYSOL MORALES arranged for A.M. to come to the offices of the AHA where A.M. gave defendant MARYSOL MORALES $6,000 in cash, and defendant MARYSOL MORALES gave A.M. a document that purported to be a Section 8 rent subsidy voucher issued by the AHA.

33. On or about September 17, 2004, at Avon in the District of Massachusetts and elsewhere,

MARYSOL MORALES,

defendant herein, being an agent of the Avon Housing Authority, which was an agency of a state and local government that received, in the one year period from January 1, 2004 through December 31, 2004, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy and other form of Federal assistance, did corruptly solicit, demand, accept and agree to accept a thing of value from a person, the individual A.M., intending to be influenced or rewarded in connection with business, a transaction and a series of transactions of the Avon Housing Authority involving a thing of value of $5,000 or more, namely a Section 8 rent subsidy voucher.

All in violation of 18 U.S.C. § 666(a)(1)(B).

## COUNT FIVE

### (Corrupt Receipt of Payments by Agent of Federally Funded Local Government Entity, in violation of 18 U.S.C. § 666)

34.  Paragraphs 1 through 13 are re-alleged and incorporated herein.

35.  In or about October 2004, defendant MARYSOL MORALES contacted E.P. and informed E.P. that a Section 8 rent subsidy voucher could be made available to her.

36.  In or about October 2004, defendant MARYSOL MORALES arranged to meet E.P. at an apartment in Jamaica Plain, Massachusetts. There defendant MARYSOL MORALES told E.P. that the apartment would be made available to E.P., that the monthly rent for the apartment would be approximately $1,900 to $2,000 per month and that E.P.'s share of the rent for the apartment would be approximately $92 per month.

37.  In or about October 2004, MARYSOL MORALES also told E.P. that E.P. would need to pay approximately $4,800, which would include first and last month rent, to obtain the Jamaica Plain apartment with subsidized rent.

38.  In or about November 2004, defendant MARYSOL MORALES arranged to meet E.P. in Jamaica Plain, Massachusetts, where E.P. gave defendant MARYSOL MORALES $4,800 in cash, and led E.P. to believe that E.P. would be permitted to move into the previously viewed Jamaica Plain apartment on or about December 1, 2004.

39.  In or about November 2004, at Jamaica Plain in the District of Massachusetts and elsewhere,

MARYSOL MORALES,

defendant herein, being an agent of the Avon Housing Authority, which was an agency of a state and local government that received, in the one year period from January 1, 2004 through December 31, 2004, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy and other form of Federal assistance, did corruptly solicit, demand, accept and

agree to accept a thing of value from a person, the individual E.P. intending to be influenced or rewarded in connection with business, a transaction and a series of transactions of the Avon Housing Authority involving a thing of value of $5,000 or more, namely a Section 8 rent subsidy voucher.

All in violation of 18 U.S.C. § 666(a)(1)(B).

## COUNT SIX

### (Corrupt Receipt of Payments by Agent of Federally Funded Local Government Entity, in violation of 18 U.S.C. § 666)

40. Paragraphs 1 through 13 are re-alleged and incorporated herein.

41. In or about November 2004, A.G. was informed that defendant MARYSOL MORALES could arrange to make a Section 8 rent subsidy voucher available to A.G.

42. In or about November 2004, A.G. was informed that A.G. would have to pay approximately $6,500 to obtain a Section 8 rent subsidy voucher.

43. On or about November 4, 2004, defendant MARYSOL MORALES met A.G. at the offices of the AHA where A.G. gave defendant MARYSOL MORALES $6,500 in cash, and defendant MARYSOL MORALES gave A.G. a document that purported to be a Section 8 rent subsidy voucher issued by the AHA.

44. On or about November 4, 2004, at Avon in the District of Massachusetts and elsewhere,

MARYSOL MORALES,

defendant herein, being an agent of the Avon Housing Authority, which was an agency of a state and local government that received, in the one year period from January 1, 2004 through December 31, 2004, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy and other form of Federal assistance, did corruptly solicit, demand, accept and agree to accept a thing of value from a person, the individual A.G., intending to be influenced or rewarded in connection with business, a transaction and a series of transactions of the Avon Housing Authority involving a thing of value of $5,000 or more, namely a Section 8 rent subsidy voucher.

All in violation of 18 U.S.C. § 666(a)(1)(B).

## COUNTS SEVEN THROUGH TWENTY-ONE

45. Paragraphs 1 through 6 are re-alleged and incorporated herein.

46. On various dates in or about 2004, defendant MARYSOL MORALES distributed unauthorized and unfunded AHA Section 8 rent subsidy vouchers to various individuals who relied upon those documents in obtaining apartments, believing that a portion of their rent would be subsidized. At the time such vouchers were distributed, AHA lacked Section 8 rent subsidy voucher program funding to pay the rent subsidies represented by those vouchers.

47. In order to create the appearance that funding was available for the unauthorized AHA Section 8 rent subsidy vouchers that defendant MARYSOL MORALES distributed, defendant MARYSOL MORALES fabricated and caused to be placed in the AHA's files certain documents that purported to be Section 8 rent subsidy vouchers issued by the Boston Housing Authority ("BHA"). If they had been genuine, such BHA vouchers would have represented a source of funding for the unauthorized AHA Section 8 rent subsidy vouchers that defendant MARYSOL MORALES distributed.

48. As defendant MARYSOL MORALES well knew, the putative BHA vouchers that she fabricated were fake; BHA had not issued vouchers to the individuals named in the phony documents and there was no source of funding for the Section 8 rent subsidies promised to those individuals.

49. On or about the dates set forth below, at Avon in the District of Massachusetts and elsewhere,

MARYSOL MORALES,

defendant herein, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely the United States Department of Housing and Urban Development ("HUD"), knowingly and willfully made and used false writings and documents knowing the same

to contain materially false, fictitious, and fraudulent statements and entries, to wit, documents which were placed within the files of the Avon Housing Authority Section 8 rent subsidy voucher program, which documents purported to be Section 8 rent subsidy vouchers issued by the Boston Housing Authority, entitled "Section 8 Tenant-Based Assistance Housing Choice Voucher Program Vouchers":

| COUNT | Date of Putative BHA Section 8 rent subsidy Voucher | Initials of Putative Recipient of BHA Section 8 rent subsidy Voucher |
|---|---|---|
| 7 | 5/11/2004 | M.M. |
| 8 | 3/4/04 | J.H. |
| 9 | 5/28/2004 | S.A. |
| 10 | 3/5/2004 | M.G. |
| 11 | 3/30/2004 | W.F. |
| 12 | 3/17/2004 | Y.M. |
| 13 | 1/16/2004 | A.L. |
| 14 | 3/17/2004 | K.G. |
| 15 | 3/16/2004 | M.D. |
| 16 | 5/4/2004 | D.A. |
| 17 | 7/2/2004 | J.T. |
| 18 | 5/12/2004 | J.R. |
| 19 | 2/23/2004 | K.G. |
| 20 | 3/22/2004 | M.B. |
| 21 | 4/8/2004 | C.A. |

All in violation of 18 U.S.C. §1001.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS     July 2·, 2005

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk

1129A

≋JS 45 (5/97) - (Revised USAO MA 1/15/04)

**Criminal Case Cover Sheet**                                   **U.S. District Court - District of Massachusetts**

Place of Offense: _Avon_         Category No. _II_         Investigating Agency _HUD-IG_

City _Avon_                      Related Case Information:

County _Norfolk_                 Superseding Ind./ Inf.  _x_         Case No.  _05-10035-PBS_
                                 Same Defendant  _x_                 New Defendant  _____
                                 Magistrate Judge Case Number  _____
                                 Search Warrant Case Number  _____
                                 R 20/R 40 from District of  _____

**Defendant Information:**

Defendant Name  _MARYSOL MORALES_                Juvenile  ☐ Yes  ☒ No

Alias Name  _____

Address  _144 Ford Street, Brockton, MA 02301_

Birth date (Year only): _1964_  SSN (last 4 #): _5859_  Sex _F_  Race: _Hispanic_  Nationality: _USA_

**Defense Counsel if known:**  _J.W. Carney, Jr., Carney & Bassil_   Address: _20 Park Plaza, Suite 1405_
                                                                              _Boston, MA 02116_

Bar Number: _____

**U.S. Attorney Information:**

AUSA  _Paul G. Levenson_                          Bar Number if applicable  _553946_

**Interpreter:**    ☐ Yes  ☒ No        List language and/or dialect:  _____

**Matter to be SEALED:**  ☐ Yes  ☒ No

☐ Warrant Requested          ☒ Regular Process          ☐ In Custody

**Location Status:**

Arrest Date:  _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☒ On Pretrial Release:  Ordered by  _Robert B. Collings, USMJ_  on  _2/22/2005_

**Charging Document:**  ☐ Complaint   ☐ Information   ☒ Indictment

**Total # of Counts:**   ☐ Petty _____   ☐ Misdemeanor _____   ☒ Felony  _21_

Continue on Page 2 for Entry of U.S.C. Citations

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: July 20, 2005        Signature of AUSA: _[signature]_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    MARYSOL MORALES

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 U.S.C. §666 | Corrupt Receipt by Agent of Local Governemnt | 1-6 |
| Set 2  18 U.S.C. §1001 | False documents-jurisdiction of federal agency | 7-21 |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set | | |
| Set | | |
| Set | | |
| Set | | |
| Set | | |
| Set | | |

**ADDITIONAL INFORMATION:**