UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10035 PBS |
| | ) | |
| MARYSOL MORALES | ) | |

_____

## UNITED STATES' REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby requests that the

Court give the following jury instructions, in addition to the Court's customary instructions

common to criminal cases.  We reserve the right to supplement, modify, or withdraw these

requested instructions in light of the requests, if any, filed by the defendant and the evidence in

the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

dated:  April 12, 2006

By: /s/ Paul G. Levenson_____
PAUL G. LEVENSON
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and that paper copies will be sent to those indicated as non registered participants on this date.

dated:  April 12, 2006

/s/ Paul G. Levenson_____
PAUL G. LEVENSON

CONTENTS

Proposed                                                                                            page
Instruction

No. 1        Corrupt Receipt of Payments by Agent of Federally Funded Entity,
             in violation of 18 U.S.C. § 666 – Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

No. 2        Corrupt Receipt of Payments by Agent of Federally Funded Entity,
             in violation of 18 U.S.C. § 666 – Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

No. 3        Corrupt Receipt of Payments by Agent of Federally Funded Entity, in
             violation of 18 U.S.C. § 666 – Elements Discussed – "Agent" . . . . . . . . . . . . . . 3

No. 4        Corrupt Receipt of Payments by Agent of Federally Funded Entity, in
             violation of 18 U.S.C. § 666 – Elements Discussed – "Thing of Value" . . . . . . . 4

No. 5        Corrupt Receipt of Payments by Agent of Federally Funded Entity, in
             violation of 18 U.S.C. § 666 - Elements Discussed – "business,
             transactions, or a series of transactions involving anything of value  of
             $5,000 of more" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

No. 6        Corrupt Receipt of Payments by Agent of Federally Funded Entity, in
             violation of 18 U.S.C. § 666 – Elements Discussed – "Corruptly" . . . . . . . . . . . 6

No. 7        Use of false documents in a matter within jurisdiction of federal agency, in
             violation of 18 U.S.C. §1001 – Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

No. 8        Use of false documents in a matter within jurisdiction of federal agency, in
             violation of 18 U.S.C. §1001 – Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

No. 9        Use of false documents in a matter within jurisdiction of federal agency, in
             violation of 18 U.S.C. §1001 – Elements Discussed – "Makes or Uses" . . . . . . . 9

No. 10       Use of false documents in a matter within jurisdiction of federal agency, in
             violation of 18 U.S.C. §1001 – Elements Discussed – "False, Fictitious or
             Fraudulent" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

No. 11       Use of false documents in a matter within jurisdiction of federal agency, in
             violation of 18 U.S.C. §1001 – Elements Discussed – "Knowingly" . . . . . . . . 11

Proposed
Instruction

No. 12     Use of false documents in a matter within jurisdiction of federal agency, in
           violation of 18 U.S.C. §1001 – Elements Discussed – "Willfully"  . . . . . . . . . . 12

No. 13     Use of false documents in a matter within jurisdiction of federal agency, in
           violation of 18 U.S.C. §1001 – Elements Discussed – "Material" . . . . . . . . . . . 13

No. 14     Use of false documents in a matter within jurisdiction of federal agency, in
           violation of 18 U.S.C. §1001 – Elements Discussed – "Within the
           Jurisdiction of a Federal Agency" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

No. 15     Intent and Motive  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

No. 16     "On or About" Explained  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

No. 17     Reasonable Doubt (Requested only if defendant requests a reasonable
           doubt instruction) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

UNITED STATES' PROPOSED INSTRUCTION NO. 1.

<u>Corrupt Receipt of Payments by Agent of Federally Funded
Entity, in violation of 18 U.S.C. § 666 - Statute</u>

Counts One through Six of the indictment charge that Defendant Marysol Morales

corruptly solicited, demanded or accepted payments from six different individuals, intending to

be influenced or rewarded in connection with business of the Avon Housing Authority involving

Section 8 rent subsidy vouchers.

The relevant statute is Title 18, United States Code, Section 666.  It provides (in pertinent

part):

 (a) Whoever, if the circumstance described in subsection (b) of this section exists--

(1) being an agent of an organization, or of a State, local, or Indian tribal
government, or any agency thereof--

* * *

(B) corruptly solicits or demands for the benefit of any person, or accepts or
agrees to accept, anything of value from any person, intending to be influenced or
rewarded in connection with any business, transaction, or series of transactions of
such organization, government, or agency involving any thing of value of $5,000
or more;

* * *

shall be [guilty of a crime].

(b) The circumstance referred to in subsection (a) of this section is that the
organization, government, or agency receives, in any one year period, benefits in
excess of $10,000 under a Federal program involving a grant, contract, subsidy,
loan, guarantee, insurance, or other form of Federal assistance.

81 U.S.C. § 666.

-1-

UNITED STATES' PROPOSED INSTRUCTION NO. 2.

<u>Corrupt Receipt of Payments by Agent of Federally Funded
Entity, in violation of 18 U.S.C. § 666 - Elements</u>

The crime of soliciting, demanding or accepting a bribe by an agent of a program

receiving Federal funds has four essential elements.  To find the defendant guilty of any of the

charges in Counts One through Six, you must be convinced that the government has proven each

of the following things beyond a reasonable doubt:

1.      The defendant, Marysol Morales, was an agent of an organization, a local

government, or an agency of a local government, namely the Avon Housing Authority;

2.      On or about the dates set forth in each count, the defendant corruptly solicited,

demanded or accepted, something of value, namely money, intending to be influenced or

rewarded in connection with business, transactions, or a series of transactions of the Avon

Housing Authority, namely the issuance of Section 8 rent subsidy vouchers.

3.      The vouchers for Section 8 rent subsidy vouchers constituted something of a

value of $5,000 or more;

4.      The Avon Housing Authority received benefits in excess of $10,000 in the one-

year period from January 1, 2004 through December 31, 2004, pursuant to a federal program

involving a grant, contract, or subsidy.


<u>Adapted from</u> Judicial Committee on Model Jury Instructions For the Eighth Circuit, <u>Manual of
Model Criminal Jury Instructions for the District Courts of the Eighth Circuit</u>, §6.00 Final
Instructions: Elements of Offenses (6.18.666B Solicitation Or Acceptance Of A Bribe By An
Agent Of A Program Receiving Federal Funds (18 U.S.C. § 666(a)(1)(B))).

Note, the one-year period defined by the statute includes any continuous 12-month period
that includes the date of offense.  18 U.S.C. § 666(d)(5).  The Indictment, however, describes a
narrower period (i.e. a specific calendar year).

UNITED STATES' PROPOSED INSTRUCTION NO. 3.

<u>Corrupt Receipt of Payments by Agent of Federally Funded
Entity, in violation of 18 U.S.C. § 666 - Elements Discussed</u>

"<u>Agent</u>"

As used in this instruction, the term "agent" means a person authorized to act on behalf

of the Avon Housing Authority and includes an employee, officer, manager or representative.

18 U.S.C. § 666(d)(1).

UNITED STATES' PROPOSED INSTRUCTION NO. 4.

Corrupt Receipt of Payments by Agent of Federally Funded
Entity, in violation of 18 U.S.C. § 666 - Elements Discussed

"Thing of Value"

A "thing of value" can be tangible or intangible property and includes money.  The

prosecution is not required to prove any specific dollar amount or value of what the defendant

solicited, demanded or accepted.  It must, however, show that there was something of value.

Salinas v. United States, 522 U.S. 52, 57 (1997) ("Neither does the statute limit the type of bribe
offered.  It prohibits accepting or agreeing to accept "anything of value." § 666(a)(1)(B). The
phrase encompasses all transfers of personal property or other valuable consideration in
exchange for the influence or reward.").

UNITED STATES' PROPOSED INSTRUCTION NO. 5.

Corrupt Receipt of Payments by Agent of Federally Funded
Entity, in violation of 18 U.S.C. § 666 - Elements Discussed

"business, transactions, or a series of transactions
involving anything of value  of $5,000 of more"

In considering whether business, transactions, or a series of transactions involve

something of a value of $5,000 or more, you may consider both immediate and future value of a

transaction or series of transactions.  The business, transaction or series of transactions must

involve a total value greater than $5,000.  You may consider value from the perspective of the

recipient of a benefit or you may consider the cost or value to an organization providing the

benefit.


United States v. Zwick, 199 F.3d 672, 690 (3d Cir. 1999) (holding that district court properly
"instructed the jury that the future value of the transaction can be taken into account"), abrogated
on other grounds Sabri v. United States, 541 U.S. 600 (2004); Zwick, 199 F.3d at 689-690 (3d
Cir. 1999)  ("[T]he plain language of the statute does not require that value be measured from the
perspective of the organization, government, or agency."); United States v. Santopietro, 166 F.3d
88, 93 (2d Cir. 1999) ("there is no requirement that the corrupt transactions are worth $5,000 or
more to the entity receiving the federal funds"), abrogated on other grounds Sabri v. United
States, 541 U.S. 600 (2004); United States v. Marmolejo, 89 F.3d 1185 (5th Cir.1996), affirmed
on other grounds, Salinas v. United States, 522 U.S. 52 (1997).

UNITED STATES' PROPOSED INSTRUCTION NO. 6.

Corrupt Receipt of Payments by Agent of Federally Funded
Entity, in violation of 18 U.S.C. § 666 - Elements Discussed

"Corruptly"

An act is done corruptly if it is done voluntarily and intentionally and with a bad purpose

of accomplishing either an unlawful end or result or a lawful end or result by some unlawful

method or means.  To act corruptly ordinarily involves a hope or expectation of either financial

gain or other benefit to oneself or to another and often involves a breach of duty.  A fundamental

component of a corrupt act is a breach of some official duty owed to the Government or to the

public at large.

As used in this instruction, the term "corruptly" means that the defendant solicited,

demanded or accepted money voluntarily and intentionally and, at least in part, with the intention

of being influenced to perform – or rewarded for performing – a specific act, namely providing a

Section 8 rent subsidy voucher.


See United States v. Ford, 435 F.3d 204, 212-14 (2d Cir. 2006) (noting that first three
sentences of instruction were unchallenged).

The appellate courts appear to be divided, and barely coherent, on the question of
whether the term "corruptly" includes a requirement of proof of a quid pro quo.  *Compare*
United States v. Jennings, 160 F.3d 1006, 1021-1022 (4th Cir. 1998) (finding plain error because
"the [district] court's attempt to restate the meaning of corrupt intent did not necessarily require
the jury to find that Jennings had the intent to engage in a quid pro quo), *with* United States v.
Agostino, 132 F.3d 1183, 1190 (7th Cir. 1997) ("declin[ing] to import an additional, specific
quid pro quo requirement into the elements of § 666(a)(2)).

-6-

UNITED STATES' PROPOSED INSTRUCTION NO. 7.

Use of false documents in a matter within jurisdiction of federal agency,
in violation of 18 U.S.C. §1001 - Statute

Counts Seven through Twenty-One of the indictment charge that Defendant Marysol

Morales knowingly and willfully made and used false writings and documents in a matter within

the jurisdiction of the executive branch of the United States government.

Title 18, United States Code, Section 1001, provides as follows:

 (a)  . . . whoever, in any matter within the jurisdiction of the executive . . . branch
of the Government of the United States, knowingly and willfully--

makes or uses any false writing or document knowing the same to contain
any materially false, fictitious, or fraudulent statement or entry;

shall be [guilty of an offense].

18 U.S.C. § 1001.

UNITED STATES' PROPOSED INSTRUCTION NO. 8.

<u>Use of false documents in a matter within jurisdiction of federal agency,
in violation of 18 U.S.C. §1001 - Elements</u>

The crime of using false documents in a matter within the jurisdiction of a federal agency has four essential elements.  To find the defendant guilty of any of the charges in Counts Seven through Twenty-One, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

1.      The defendant, Marysol Morales, made or used the writings or documents described in each of those counts, namely documents that purported to be Section 8 rent subsidy vouchers issued by the Boston Housing Authority, entitled "Section 8 Tenant-Based Assistance Housing Choice Voucher Program Vouchers";

2.      Those writings or documents contained statements or entries that were false, fictitious or fraudulent;

3.      Such false, fictitious or fraudulent statements or entries were material;

4.      The defendant made or used the writings or documents knowingly and willfully; and

5.      The documents were made or used in relation to a matter within the jurisdiction of a department or agency of the United States government.


Adapted from <u>United States v. Notarantonio</u>, 758 F.2d 777, 785 (1st Cir.1985).  <u>See also</u> <u>First Circuit Pattern Jury Instructions (Criminal)</u> § 4.08 (comments 3-4) (regarding inclusion of "materiality" as element of offense); <u>United States v. Duclos</u>, 214 F.3d 27, 33 (1st Cir. 2000) ("To prove a false statement in violation of 18 U.S.C. § 1001, the government must show that the defendant: (1) knowingly and willfully, (2) made a statement, (3) in relation to a matter within the jurisdiction of a department or agency of the United States, (4) with knowledge of its falsity.") (citation omitted).

-8-

UNITED STATES' PROPOSED INSTRUCTION NO. 9.

<u>Use of false documents in a matter within jurisdiction of federal agency,
in violation of 18 U.S.C. §1001 - Elements Discussed</u>

<u>"Makes or Uses"</u>

The phrase "makes or uses any false writing or document" means to create, to bring into existence, or to submit or to file some type of form, report, or letter, of any kind, which is not true.


<u>See</u> K. O'Malley,  J. Grenig, W. Lee, <u>2A Fed. Jury Prac. & Instr.</u> (5th ed.) §40.12 ("Makes Or Uses Any False Writing Or Document"--Defined)

UNITED STATES' PROPOSED INSTRUCTION NO. 10.

Use of false documents in a matter within jurisdiction of federal agency,
in violation of 18 U.S.C. §1001 - Elements Discussed

"False, Fictitious or Fraudulent"

A false or fictitious statement or entry is an assertion which is untrue when made or used

and which is known by the person making it or using it to be untrue.

A fraudulent statement or entry is an assertion which is known to be untrue and which is

made or used with the intent to deceive.

See K. O'Malley,  J. Grenig, W. Lee, 2A Fed. Jury Prac. & Instr. (5th ed.) § 40.08 ("False,
Fictitious Or Fraudulent Statements Or Representations"-- Defined).

UNITED STATES' PROPOSED INSTRUCTION NO. 11.

Use of false documents in a matter within jurisdiction of federal agency,
in violation of 18 U.S.C. §1001 - Elements Discussed

"Knowingly"

A person acts "knowingly, as that term is used in these instructions, if that person acts

consciously and with awareness and comprehension and not because of ignorance, mistake,

accident or misunderstanding or other similar reason.

See K. O'Malley,  J. Grenig, W. Lee, 2A Fed. Jury Prac. & Instr. (5th ed.) § 40.13 ("Knowingly"
– defined).

UNITED STATES' PROPOSED INSTRUCTION NO. 12.

Use of false documents in a matter within jurisdiction of federal agency,
in violation of 18 U.S.C. §1001 - Elements Discussed

"Willfully"

A person acts willfully if she acts voluntarily and intentionally and with the intent to do

something the law forbids, that is, with the bad purpose to disobey or to disregard the law.  The

person need not be aware of the specific law or rule that her conduct may be violating.  In order

for you to find that the defendant acted willfully, the evidence must show that the defendant

knew, when she  made or used a document, that the document contained false, fraudulent or

fictitious statements or entries.

Bryan v. United States, 524 U.S. 184, 190 (1998); United States v. Gonsalves, 435 F.3d 64, 72
(1st Cir. 2006) ("Willfulness – a term our cases do endorse – means nothing more in this context
than that the defendant knew that his statement was false when he made it or – which amounts in
law to the same thing – consciously disregarded or averted his eyes from its likely falsity.").  See
generally United States v. Whab, 355 F.3d 155, 159-161 (2d Cir. 2004) (discussing willfulness
as element of §1001 and noting,"we are not aware of any appellate court that has held that
"willfully" in § 1001-a term that has long been part of a venerable statute . . . requires proof that
a defendant knew that his conduct was criminal.").

UNITED STATES' PROPOSED INSTRUCTION NO. 13.

Use of false documents in a matter within jurisdiction of federal agency,
in violation of 18 U.S.C. §1001 - Elements Discussed

"Material"

A false, fictitious or fraudulent entry or statement is material if it would have a natural

tendency to influence, or be capable of affecting or influencing, a governmental function.  The

prosecution is not required to show that anyone from the government was actually deceived or

influenced by the documents or writings.


See United States v. Arcadipane, 41 F.3d 1, 7 (1st Cir. 1994); United States v. Corsino, 812 F.2d
26, 30-31 (1st Cir.1987); United States v. Notarantonio, 758 F.2d 777, 785 -786 (1st Cir. 1985).
See generally Neder v. United States, 527 U.S. 1, 16 (1999).

UNITED STATES' PROPOSED INSTRUCTION NO. 14.

<u>Use of false documents in a matter within jurisdiction of federal agency,
in violation of 18 U.S.C. §1001 - Elements Discussed</u>

<u>"Within the Jurisdiction of a Federal Agency"</u>

A writing is made or used in relation to a matter within the jurisdiction of a department or agency of the United States, if it is prepared or kept in connection with the operation or administration of a program that is conducted or funded by a federal agency. The prosecution is not required to show that any false statements or entries were actually communicated to any agency of the federal government. Nor is the prosecution required to prove that any federal agency actually lost money as a result of any false or fictitious statement or entry.

Also, the prosecution is not required to prove that the defendant actually knew that any statements were within the jurisdiction of a federal agency.

See <u>United States v. Candella</u>, 487 F.2d 1223, 1227 (2d Cir. 1974) (citations omitted); <u>United States v. Notarantonio</u>, 758 F.2d 777, 787 (1st Cir. 1985) ("The government can protect the administrative integrity of its programs by obtaining convictions under section 1001 even when the government has lost no money because of the false statements."). <u>See</u> <u>United States v. Yermian</u>, 468 U.S. 63, 69-70 (1984) (". . . § 1001 requires that the Government prove that false statements were made knowingly and willfully, and it unambiguously dispenses with any requirement that the Government also prove that those statements were made with actual knowledge of federal agency jurisdiction.").

UNITED STATES' PROPOSED INSTRUCTION NO. 15.

<u>Intent and Motive</u>

Intent and motive should never be confused.  Motive is what prompts a person to act, or fail to act.  Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain are two well-recognized motives for much of human conduct.  These motives may prompt one person to voluntary acts of good, another to voluntary acts of crime.

Good motive alone, when it exists, is never a defense where the act done or omitted is a crime.  So, the motive of the accused is immaterial except insofar as evidence of motive may aid in your determination of the intent of the defendant.

Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee,  <u>Federal Jury Practice and Instructions</u>, §17.06 (5th ed. 2000).

UNITED STATES' PROPOSED INSTRUCTION NO. 16.

<u>"On or About" Explained</u>

The indictment charges that the offenses alleged were committed "on or about" certain dates.

Although the government is required to prove beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Adapted from, K. O'Malley,  J. Grenig, W. Lee, <u>1A Fed. Jury Prac. & Instr.</u> (5th ed.) §13.05.

UNITED STATES' PROPOSED INSTRUCTION NO. 17.

<u>Reasonable Doubt</u>

(Requested only if defendant requests a reasonable doubt instruction)

The burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant.   It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proven beyond all possible doubt.  It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.  A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.  Of course, a defendant is never to be convicted on suspicion or conjecture.  If for example, you view the evidence in the case as reasonably permitting either of two conclusions -- one that a defendant is guilty as charged, the other that the defendant is not guilty -- you will find the defendant not guilty.  It is not sufficient for the Government to establish a probability, even a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond a reasonable doubt.  On the other hand, there are very few things in this world that we can know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by the proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict on it.  If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge.  If, on the

-17-

other hand, you think that there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

United States v. Cleveland, 106 F.3d 1056, 1062 (1st Cir. 1997), aff'd on other grounds, sub nom., Muscarello v. United States, 524 U.S. 125, 118 S.Ct. 1911 (1998).