UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                      ) | Criminal No. 05-10035 PBS |
| ) | |
| MARYSOL MORALES,              ) | |
| ) | |
| defendant.          ) | |

UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE
PERTAINING TO PUTATIVE "DURESS" DEFENSE

Pursuant to Fed. R. Evid. 403, the United States moves to exclude evidence pertaining to a putative "duress" defense based on claims that the defendant somehow was coerced into committing the False Document offenses in the Indictment.

As set forth below, the evidence of "duress" outlined in defendant's opening statement falls well short of the legal standard sufficient to allow a defense of duress to go to the jury. Assuming the defendant is unable to proffer evidence that would meet the standards for a duress claim, any evidence on the subject is legally irrelevant and is more prejudicial than probative.

To assert a defense of duress, a defendant must meet a three-part standard. The duress must be occasioned by "1) an immediate threat of serious bodily injury or death, 2) a well-grounded belief that the threat will be carried out, and 3) no reasonable opportunity to escape or otherwise to frustrate the threat." See United States v. Arthurs, 73 F.3d 444, 448 (1st Cir. 1996). As the Supreme Court has noted, "[I]f there was a reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm, the defense[ ] will fail." United States v. Bailey, 444 U.S. 394, 410 (1979).

Each prong of the duress standard is exacting.  A defendant is not entitled to claim a defense of necessity or duress unless he can demonstrate that "given the imminence of the threat, violation of [the law] was his only reasonable alternative."  United States v. Bailey, 444 U.S. 394, 411 (1979).  The mere fact that at some time prior to the charged offense a defendant receives a death threat does not constitute a legally cognizable defense to the subsequent crime.

If the defendant has an opportunity to escape from the presence of the person threatening her or to report the threat to law enforcement authorities, there is no defense.  Thus, in United States v. Castro-Gomez, 360 F.3d 216, 217 (1st Cir. 2004), the First Circuit rejected the notion that a defendant should have been permitted to present to the jury a duress defense based on the fact that the defendant had previously been compelled at gunpoint to pilot a boat to a drug delivery rendezvous.  The passage of several days between the initial threat and the subsequent crime, together with the defendant's opportunity to avoid his assailants, vitiated any claim of duress.  Id. at 217-19.  The First Circuit noted, moreover, that the elements of the duress defense are objective not subjective.  It is not enough for a defendant to say, "I didn't think I had any alternative" or "I was afraid I'd be killed."  Rather, the question is whether a reasonable person, in the face of such threats, would find an opportunity to escape or summon help.  Id. at 219.

Short of producing evidence sufficient to meet all prongs of the duress standard, a claim of duress is legally insufficient.  Evidence that falls short of the duress standard is properly excluded under Fed. R. Evid. 403, since it has no probative value and carries considerable risk of confusion and prejudice.  Thus, the fact that a defendant claims she was threatened, even threatened with immediate death, is properly excluded, if the defendant had a subsequent opportunity to escape from her assailant.  See, e.g., United States v. Tokash, 282 F.3d 962, 968

(7th Cir. 2002) (where inmate claimed he escaped because he feared assault in prison, district court properly "block[ed] the introduction of evidence supporting the proposed defense"); United States v. Miller, 59 F.3d 417, 422 (3rd Cir. 1995)  (district court properly "refused to allow the evidence of duress to be introduced" at trial where defendant contended that her check-kiting scheme was motivated by fear of being killed).

Such pseudo-duress evidence is properly excluded based upon a motion in limine.  The Supreme Court has stated unequivocally that

> [t]he requirement of a threshold showing on the part of those who assert an affirmative defense to a crime is by no means a derogation of the importance of the jury as a judge of credibility.  On the contrary, it is a testament to the importance of trial by jury and the need to husband the resources necessary for that process by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses.  If, as we here hold, an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense.

United States v. Bailey, 444 U.S. 394, 416 (1979) (emphasis added).

In this case, based upon defendant's opening statement, it appears that the defendant intends to offer evidence that, at some time during 2004, an individual known as "Oni" threatened the defendant's life.  It is unclear from the opening statement precisely what conduct "Oni" required the defendant to perform on pain of such assault.  However, notably absent from the opening statement was: (1)  any suggestion that "Oni" was actually threatening imminent harm, as opposed to making a threat of future harm; or (2) any suggestion that "Oni" remained in defendant's presence, forcing the defendant under immediate threat of physical harm, to complete the forgeries in question.

It is patently implausible that the work of actually making the forgeries that are charged in this case -- work which extends through multiple files that include a variety of documents which were obviously obtained and signed at various times -- could have be completed in a single setting, all the while in "Oni's" threatening presence.  There is, in short, no reason to believe that defendant committed her forgeries while under a continuing imminent threat.  Nor is there any evidence to suggest that when the threat abated (for example on the daily occasions when Morales was in the offices of the Avon Housing Authority, outside Oni's presence), Morales ever tried to call the police or otherwise summon help.

In short, absent a truly fantastical scenario -- in which the imminent threat of harm continued unabated throughout the period of the forgeries -- there is no likelihood that defendant will proffer sufficient evidence to meet her burden of production to support a duress defense. See generally First Circuit Pattern Jury Instructions, Criminal §5.05 ("Duress), comment (noting that defendant must meet the entry-level burden of production, while prosecution bears ultimate burden of persuasion).   Accordingly, absent a sufficient offer-of-proof to support a duress defense, defendant should be barred from presenting evidence of threats or coercion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

dated:  April 25, 2006

By: /s/ Paul G. Levenson
PAUL G. LEVENSON
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147

4

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

dated:  April 25, 2006                          /s/ Paul G. Levenson
                                                PAUL G. LEVENSON