UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | 05-10035-PBS |
| ) | |
| MARYSOL MORALES ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION
IN LIMINE TO EXCLUDE EVIDENCE PERTAINING TO
PUTATIVE "DURESS" DEFENSE**

The defendant hereby opposes the Government's Motion in Limine to Exclude Evidence. The defendant asserts that the evidence, in a light most favorable to the defendant, will establish the prerequisites for a duress instruction pursuant to United States v. Arthurs, 73 F.3d 444 (1st Cir. 1996). The evidence the defendant expects to offer at trial will be submitted to the Court ex parte.

**ARGUMENT**

I. DURESS

To justify a duress instruction, a defendant must produce sufficient evidence to support a finding of duress. United States v. Arthurs, 73 F.3d 444, 448 (1st Cir. 1996). In making the determination of whether the defendant has met her burden of production, the Court is not allowed to weigh the evidence, make credibility determinations, or resolve conflicts in proof. See

<u>United States v. Rodriguez</u>, 858 F.2d 809, 812, 814 (1st Cir. 1988).

The defendant's evidence will establish that there was an immediate threat of serious bodily injury or death, a well grounded belief that the threat would be carried out, and that there was no reasonable opportunity to escape or otherwise frustrate the threat.  Therefore, evidence of Oni's immediate threats and intimidating conduct to the defendant and her family should be admitted and a duress instruction should be given to the jury.

### II.  INTENT

In order to find the defendant guilty of 18 U.S.C. § 1001, the Government must prove beyond a reasonable doubt that the defendant made or used false or fraudulent writings knowingly and willfully.  "A person acts willfully if she acts voluntarily and intentionally and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law."  Government's Proposed Jury Instruction No. 12.

In the case at bar, evidence of threats made by Oni to the defendant and her family and evidence that the defendant acted in a certain way based on those threats is relevant as to whether the defendant made the fraudulent statements "willfully."  If the evidence is believed, a reasonable juror

could surmise that the defendant did not create the fraudulent statements contained in the voucher for a "bad purpose to disobey or to disregard the law", but merely did so for the sole reason to protect herself and her family from Oni.

Any evidence that goes directly to the defendant's state of mind at the time she created the fraudulent vouchers is extremely probative and pursuant to Fed.R.Evid. 403 should be admitted.

                                      Marysol Morales
                                      By His Attorneys

                                      CARNEY & BASSIL


                                      /s/ Andrew M. D'Angelo

                                      J. W. Carney, Jr.
                                      B.B.O. #074760
                                      Andrew M. D'Angelo
                                      B.B.O. # 564200
                                      20 Park Plaza, Ste. 1405
                                      Boston, MA 02116
                                      617-338-5566


Date:   April 25, 2006