UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | 05-10035-PBS |
| ) | |
| MARYSOL MORALES ) | |

**DEFENDANT'S REQUEST FOR REVISION OF COURT'S PROPOSED
JURY INSTRUCTION NO. 20 REGARDING
"ANYTHING OF VALUE OF $5,000 OR MORE"**

The defendant respectfully requests that this Court revise its proposed Jury Instruction No. 20. The Court currently intends to instruct that the jury, "may also consider the value from the perspective of the recipient or from the perspective of the organization." The defendant hereby submits that this instruction is erroneous because the value cannot be ascertained from the perspective of the recipient, but instead must be ascertained from the actual value, if any, of the housing voucher at the time it was either given to the alleged victim or at the time it was actually intended to be used.

United States v. Zwick, 199 F.3d 672 (3d Cir. 1999) does not stand for the proposition that the value can be taken from the perspective of the recipient. In certain situations, in attempting to determine the value of an intangible item, the jury can consider how much the recipient paid as the bribe. Id.

at 690. However, the item must have some actual value for there to actually be a violation of 18 U.S.C. § 666.

In United States v. McCormack, 31 F.Supp.2d 176, 182-183 (D.Mass. 1998), this Court discussed the perspective from which the value of favors or bribes is measured. "In cases involving bribes to secure specific federal grants, or in connection with the specific federal funds, the analysis is straightforward." Id. at 182 and cases cited. "Where the benefit is intangible, one measure could well be the value to the alleged briber." Id. and cases cited. However, in all the cases cited in McCormack and in McCormack itself, the item had some actual value. For example, in United States v. Marmolejo, 89 F.3d 1185 (5th Cir. 1996), the payments made were to officials of a county sheriff's department in exchange for allowing a federal prisoner housed at a county jail to have conjugal visits. These visits actually took place, and in order to assess the value, the court looked at how much a person "in the market" would be willing to pay for these visits. See also United States v. Mongelli, 794 F.Supp. 529 (S.D.N.Y. 1992) (recipients actually had access to licenses bribed by). In McCormack, the defendant paid $4,000 to have an investigator ignore certain alleged criminal activities of the defendant.

As stated in McCormack, there is nothing in the language of the statute or its legislative history which suggests that § 666

was intended to take into consideration the value of the items from the perspective of the victim. If this was so, the actual value of an item, would be irrelevant to 18 U.S.C. § 666 and any item received would be reachable under 18 U.S.C. 666.

Therefore, the defendant requests that this Court delete the entire last sentence of its proposed Instruction No. 20.

>Marysol Morales
>By His Attorneys
>
>CARNEY & BASSIL
>
>
>   /s/ Andrew M. D'Angelo
>
>J. W. Carney, Jr.
>B.B.O. #074760
>Andrew M. D'Angelo
>B.B.O. # 564200
>20 Park Plaza, Ste. 1405
>Boston, MA 02116
>617-338-5566

Date:  April 27, 2006