UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
UNITED STATES OF AMERICA        )
                                )
V.                              )          05-10035-PBS
                                )
MARYSOL MORALES                 )
                                )
_____)
```

**DEFENDANT'S MOTION FOR JUDGMENT OF
ACQUITTAL ON COUNT ONE PURSUANT
TO FED.R.CRIM.P. 29(c)(1) AND (c)(2)**

The defendant moves, pursuant to Fed.R.Crim.29(c)(1) and (c)(2), that this Court set aside the jury's verdict and grant her a judgment of acquittal on Count One of the Indictment (Janet Montissol). In support of this motion, the defendant states that the following:

1. At the close of the Government's case, and after the defendant rested, the defendant, requested that the Court grant judgments of acquittal on all counts of the indictment.

2. Over the defendant's objection, the Court instructed the jury that it could consider the value of the bribery transaction "from the perspective of the recipient or from the perspective of the organization." The defendant's contention was that the transaction involved, in this case the housing voucher, had to have an actual value of $5,000 or more.

3.   In regards to Count One of the indictment, Janet Montissol testified that she paid the defendant $2,600 for the housing voucher. She also testified that the voucher ended up being worthless and had no actual value.

4.   The value of the fake housing voucher, even from the perspective of the recipient at the time of the bribe, was not worth $5,000 or more. At most, it was worth $2,600, the amount paid by Ms. Montissol.

5.   Even in a light most favorable to the Government, there was not sufficient evidence to support of a conviction on Count One of the Indictment.

6.   The jury returned verdicts of guilty on Counts One, and Three through Twenty on April 28, 2006.

7.   Fed. R. Crim. P. 29(c)(1) permits a defendant to move for a judgment of acquittal within seven days after a guilty verdict.

WHEREFORE, this Court should set aside the jury verdict, pursuant to Fed.R.Crim.P. 29(c)(2), and enter a judgment of acquittal as to Count One of the Indictment.

                                      Marysol Morales
                                      By Her Attorneys

                                      CARNEY & BASSIL

                                      /s/Andrew M. D'Angelo

                                      J. W. Carney, Jr.
                                      B.B.O. #074760
                                      Andrew M. D'Angelo
                                      B.B.O. # 564200
                                      20 Park Plaza, Ste. 1405
                                      Boston, MA 02116
                                      617-338-5566

Date:  May 2, 2006