```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )
                               )
        v.                     )   Crim. No. 05-10035-PBS
                               )
MARYSOL MORALES,               )
                               )
        Defendant.             )
```

MEMORANDUM AND ORDER ON MOTIONS
TO PROCEED IN FORMA PAUPERIS AND FOR TRANSCRIPTS

On January 12, 2007, defendant Marysol Morales filed a motion under 28 U.S.C. § 753 for "all Court transcripts and discovery materials pertaining to her sentencing by Judge Saris on August 1, 2006, in the United States District Court of Massachusetts." Morales states that she is requesting the documents "to perfect a collateral challenge based on 28 U.S.C. 2255." Morales contends that she "received enhancements of 'vulnerable victim,'" even though "the victims of her crime did not fit the criteria outlined in U.S.S.G. 3A1.1(a)."[1] Morales also filed a motion to proceed in forma pauperis.

Under 28 U.S.C. § 753(f) ("§ 753(f)"), the United States must pay "fees for transcripts furnished in criminal proceedings brought under section 2255 of [Title 28] to persons permitted to

---

[1] Finding that the victims of Morales's offenses were vulnerable, the Court increased Morales's total offense level by two pursuant to U.S.S.G. § 3A1.1(b). Section 3A1.1(a), cited in Morales's motions, concerns hate crimes and is inapplicable to Morales's sentence.

sue or appeal in forma pauperis . . . if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). However, a motion under § 753(f) is premature prior to the actual filing of a § 2255 motion. See, e.g., United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998); Chapman v. United States, 55 F.3d 390 (8th Cir. 1995) (per curiam); United States v. Estupinan-Paredes, 967 F. Supp. 2d 39, 41 (D.P.R. 1997); United States v. Groce, 838 F. Supp. 411, 415-16 (E.D. Wisc. 1993); see also United States v. Webb, 54 Fed. Appx. 588 (4th Cir. Jan. 23, 2003) (per curiam) (not selected for publication); United States v. Alcorn, 10 Fed. Appx. 248, 2001 WL 278693 (6th Cir. Mar. 12, 2001) (not selected for publication); United States v. Freeman, 50 F.3d 17, 1995 WL 82683 (9th Cir. Mar. 1, 1995) (not selected for publication).[2]

Morales's request for discovery materials is also premature. Although Rule 6 of the Rules Governing Section 2255 Proceedings ("Rule 6") permits the Court to authorize discovery, this rule is

---

[2]The Court acknowledges a minority position that a litigant contemplating filing a § 2255 motion may receive a transcript under § 753(f) to aid in preparation of the motion. See, e.g., United States v. Chambers, 788 F. Supp. 334, 338 (E.D. Mich. 1992). The First Circuit has not yet decided the issue, see United States v. Desouza, 1 F.3d 1231, 1993 WL 299394, at *2 n.2 (1st Cir. Aug. 5, 1993) (per curiam) (not selected for publication). The Court finds persuasive the reasoning of the decisions finding that § 753(f) does not give courts the power to authorize the expenditure of public funds for transcripts for § 2255 litigants unless and until the filing of a § 2255 motion.

inapplicable in the absence of a § 2255 motion.

Because Morales has not filed a § 2255 motion, the Court denies without prejudice her motions to proceed in forma pauperis and for transcripts and discovery materials. If Morales files a § 2255 motion, she may renew her requests.[3]

SO ORDERED.

```
 4/4/07                        /s/ Patti B. Saris
DATE                           PATTI B. SARIS
                               UNITED STATES DISTRICT JUDGE
```

---

[3] Any requests for discovery must comply with Rule 6(b), which requires the § 2255 petitioner to "include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b).