UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
MARYSOL MORALES,                )
        Petitioner      )
    v.                          ) CIVIL ACTION NO. 07-10946-PBS
                                               )
UNITED STATES,                  )
        Respondent.     )
)

MEMORANDUM AND ORDER

December 19, 2007

Saris, U.S.D.J.

    Pro se habeas petitioner, Marysol Morales, formerly a Section 8 Housing Manager for the Avon Housing Authority (AHA), has filed a petition pursuant to 28 U.S.C. § 2255 to vacate and/or modify the sentence imposed by the Court on the ground of an allegedly improper imposition of the "vulnerable victim enhancement" under U.S. Sentencing Guidelines Manual § 3A1.1(b)(1). After a review of the record, the petition is **DENIED**.

**PROCEDURAL BACKGROUND**

    On July 21, 2005, Marysol Morales was charged by Indictment with six counts of Corrupt Receipt of Payments by Agent of Federally Funded Local Government Entity, in violation of 18 U.S.C. § 666; and 15 counts of Use of False Documents in a Matter within Jurisdiction of Federal Agency, in violation of 18 U.S.C. § 1001. On April 28, 2006, after a five-day jury trial, Morales was convicted of four of the six Corrupt Receipt counts and all fifteen of the Use of False Documents counts.

    Morales was sentenced by this Court on August 1, 2006. At

sentencing, the Court adopted the recommended guideline calculations set forth in the Presentence Report. The Court imposed the "Vulnerable Victim" two-level enhancement provided for by U.S. Sentencing Guidelines Manual § 3A1.1(b)(1).

Morales filed a timely objection to the application of the "Vulnerable Victim" enhancement on the ground that the vulnerability of the victims was inherent in the offense and did not warrant a separate enhancement. (Docket No. 56 at 9.) Morales did not object because the victims were not vulnerable. Indeed, in the sentencing memo, defense counsel stated: "Ms. Morales does not dispute that the women who applied for the section 8 housing were poor, had a limited education, and were often single mothers." (Docket No. 56 at 9.) The Court sentenced Morales to 70 months in prison and a two year term of supervised release. No appeal was filed.

Now, in her petition, Morales claims that "[t]he two main victims were not pregnant, poor or single which constitutes vunerable [sic] victim. One was married for @ least two years and the other had a boyfriend for a few years + owned a cell phone."

## DISCUSSION

Under 28 U.S.C. § 2255, a prisoner may move to vacate her sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject

2

to collateral attack.

The First Circuit has declared that "[a] significant bar on habeas corpus relief is imposed when a prisoner did not raise claims at trial or on direct review." Owens v. United States, 483 F.3d 48, 56 (1st Cir. 2007). In such cases, a court may nevertheless hear claims for the first time on habeas corpus review "only if the petitioner has 'cause' for having procedurally defaulted his claims, and if the petitioner suffered 'actual prejudice' from the errors of which he complains." Id. (citing United States v. Frady, 456 U.S. 152, 168 (1982)). "Section 2255 is not a surrogate for a direct appeal." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

The petitioner bears the burden of demonstrating both cause and prejudice. Oakes v. United States, 400 F.3d 92, 95 (1st Cir. 2005). Morales has not suggested a "cause" for her procedural default, like ineffective assistance of counsel. Consequently, Morales' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is dismissed. Moreover, on the merits, petitioner's argument is hopeless. Just having a cellphone or being married or having a boyfriend does not defeat a claim of vulnerability.

**ORDER**

The habeas petition [Docket No. 1] is **DENIED**.  I deny the request for a sentencing recommendation to a community confinement center.

                                                        **S/PATTI B. SARIS**
                                                        United States District Judge